[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 13-11984, 13-13351, 13-13413, 13-14119
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00086-SPM-GRJ

DAVID F. PETRANO,
MARY KATHERINE DAY-PETRANO,

Plaintiffs-Appellants,

versus

OLD REPUBLIC NATIONAL
TITLE INSURANCE COMPANY, et al.,

Defendants,

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,
EARL CHARLES LAW,
CARL SCHWAIT,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(November 4, 2014)

Before WILSON, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

David Petrano and his wife, Mary Katherine Day-Petrano, appeal *pro se* the dismissal with prejudice of their amended complaint against Nationwide Mutual Fire Insurance Company, and two of its agents, Earl Charles Law and Carl Schwait. After the Petranos filed a complaint in a Florida court, Old Republic National Title Insurance Company removed the action based on federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(a). The district court dismissed the Petranos' original complaint and their amended complaint for failure to comply with Federal Rule of Civil Procedure 8. The Petranos challenge the dismissal of their amended complaint; an award of $40,316 to Nationwide and Schwait; and the denial of their motions for sanctions and for relief from the final judgment. We affirm.

The Petranos argue that the district court lacked subject-matter jurisdiction to entertain their original complaint, but we disagree. Old Republic was entitled to remove the action because the Petranos' complaint alleged violations of federal laws, including the Americans with Disabilities Act, 42 U.S.C. §§ 1981, 1982, 1985, 1986, 12112, 12182, the Rehabilitation Act, 29 U.S.C. § 794, and the Equal Protection Clause of the Fourteenth Amendment, U.S. Const. Amend. 14. *See* 28 U.S.C. §§ 1331, 1441(a). Although Old Republic removed the action without

2

obtaining the express consent of at least one defendant, *see id.* § 1446(b)(2)(A), the Petranos failed within 30 days to move to remand the action based on that non-jurisdictional defect in the removal procedure, *see id.* § 1447(c). *See In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410 (11th Cir. 1997). And the district court correctly denied the Petranos' belated motion to remand the action because a final judgment had already been entered against them. *See* 28 U.S.C. § 1447(c).

The district court did not abuse its discretion when it dismissed with prejudice the Petranos' amended complaint. The dismissal of a complaint is an appropriate sanction when a plaintiff engages in "willful conduct and . . . lesser sanctions are inadequate," *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006), and the record supports the finding that the Petranos defiantly refused to comply with an order to amend their complaint to comply with the Federal Rule of Civil Procedure 8. The Petranos complained that about being discriminated against by public officials, federal and state agencies, insurance companies and their agents, and legal firms involved in claims for insurance benefits and in disputes over a contract and real property. A magistrate judge issued a 21-page order that described the complaint as a "shotgun pleading"; identified its deficiencies; explained how to remedy those deficiencies; and instructed the Petranos to file an amended complaint "limited to one—and only one—occurrence, which raises a federal claim." In contravention to that order, the Petranos amended their

3

complaint by enlarging it from a 139-page pleading that alleged 17 claims against 14 defendants to a 223-page pleading that alleged 16 claims against 157 defendants. And when ordered to show cause why the amended complaint should not be dismissed, Mary Petrano moved to file a second amended complaint that was 204 pages long and alleged 19 claims against 156 defendants. The district court was entitled to find that the Petranos willfully disobeyed the court order and that the dismissal of the amended complaint was an appropriate sanction for their contumacious conduct. *See* Fed. R. Civ. P. 41(b); *Zocaras*, 465 F.3d at 483. The Petranos argue that they were incapable of complying with the rules of procedure, but the district court was entitled to find that the Petranos—at least one of whom is licensed to practice law in Florida— could comply with the rules of procedure.

The district court also did not abuse its discretion when it awarded more than $40,000 in costs and attorney's fees to Nationwide and Schwait. A district court may impose monetary sanctions if a party's filings are frivolous and needlessly increase the cost of litigation, Fed. R. Civ. P. 11(b),(c), and the Petranos do not dispute the finding that they required Nationwide and Schwait to respond to "repeated frivolous claims" and motions for sanctions that were "devoid of merit, frivolous, and retaliatory and vexatious in nature." The Petranos fail to explain how the district court "made a clear error of judgment[] or . . . applied the wrong legal standard" when it awarded damages to Nationwide and Schwait. *Amlong &*

*Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2007) (quoting *Maiz v. Virani*, 253 F.3d 641, 662 (11th Cir. 2001)).

The district court did not abuse its discretion when it denied the Petranos' six motions for sanctions and their motion for relief from the final judgment. The Petranos argue that the district court denied summarily their motions for sanctions, but the district court explained in its rulings that the motions lacked factual and legal merit. And the district court was entitled to dismiss summarily the Petranos' motion for relief from the judgment in which they argued that Nationwide and its agents fraudulently induced the district court to dismiss the amended complaint. *See* Fed. R. Civ. P. 60(b). The district court plainly dismissed the complaint for the Petranos' failure to file a short and plain statement for relief, *id.* 8(a), and their willful disregard of a court order, *id.* 41(b).

We **AFFIRM** the dismissal of the Petranos' amended complaint and the award of sanctions against them.