[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12185
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-01183-LSC-JEO


MICHAEL HEATH THETFORD,

Plaintiff-Appellant,

versus

HOOVER CITY OF,
GRAVES,
Lt. (FNU),
ANDRE BROWN,
Sgt.,
JOHN DOE,
Doctor,
TYRONE MCCALL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 28, 2015)

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Michael Thetford, an Alabama prisoner proceeding *pro se*, appeals the District Court's denial of his motion to reconsider the dismissal of his 42 U.S.C. § 1983 civil rights action, which he brought *in forma pauperis* pursuant to the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.   Thetford argues that the court abused its discretion in issuing a series of orders that culminated in the dismissal of his action.   First, he challenges a Magistrate Judge's order severing from his action the claims of four other prisoners.   Next, he challenges a Magistrate Judge's order directing him to replead his complaint in accord with that severance.   Finally, he challenges the District Court's order dismissing his case and denying his motion for additional time to amend his complaint, as well as a post-judgment order denying reconsideration of the dismissal.   Each argument is addressed in turn.

I.     Magistrate Judge's Orders To Sever and Replead

A party waives any issue relating to a magistrate judge's ruling in a nondispositive matter unless he appeals the ruling to the district court within 14 days of being served with a copy of the ruling.   *See* Fed. R. Civ. P. 72(a); *Smith v. School Bd. Of Orange County*, 487 F.3d 1361, 1365 (11th Cir. 2007).

Because Thetford failed to appeal to the District Court the Magistrate Judge's orders severing the other prisoners from his action and directing him to replead his complaint, he waived any objection he had to the rulings.

II.    District Court's Order of Dismissal and Denial of Post-Judgment Motion to Amend

We review an order of dismissal for want of prosecution only for an abuse of discretion. *Morewitz v. West of Eng. Ship Owners Mut. Protection and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quotation omitted).

A dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file the action. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice for failure to file a court-ordered brief was not an abuse of discretion).

Rule 8 of the Federal Rules of Civil Procedure contains general rules for pleading, including the requirement that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A district court has inherent authority to *sua sponte* demand repleader of complaints that do not conform to the requirements of Rule 8.

3

*Magluta v. Samples*, 256 F.3d 1282, 1284 & n.3 (11th Cir. 2001) (remanding a 58-page "quintessential 'shotgun' pleading" with instructions for the district court to require repleader).

The District Court did not abuse its discretion when it dismissed Thetford's claim without prejudice for failure to prosecute, because, despite being given 60 days to replead his complaint to conform to Rule 8, Thetford did not provide the court with an amended complaint until nearly 3 weeks after the case had already been dismissed. Likewise, the court did not err in denying Thetford's motion to amend his complaint after the action had been dismissed, because he could have simply begun a new action with his fixed complaint, rather than seeking to reopen the old action.

AFFIRMED.