[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15285
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00536-WKW-CSC

TERRANCE D. DURR,

Plaintiff-Appellant,

versus

ADAMS BEVERAGES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 28, 2017)

Before ROSENBAUM, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Terrance Durr, an African American male, filed a federal employment-discrimination lawsuit alleging that his former employer, Adams Beverages, Inc.,

fired him from his position as a commercial driver because of his race. After answering Durr's complaint, Adams Beverages moved to compel arbitration of the dispute based on a provision in Durr's employment agreement and to either dismiss the action or stay proceedings pending arbitration. Durr consented to arbitration, acknowledging that he had signed the agreement to arbitrate the claims. In May 2013, the district court granted the motion to compel arbitration and stayed proceedings pending arbitration.

The case proceeded to arbitration over the next few years. Ultimately, the arbitrator granted summary judgment to Adams Beverages, concluding that Durr had failed to make out a prima facie case of discrimination or otherwise establish that Adams Beverages's proffered non-discriminatory reason for the firing—that Durr had lost his commercial driver's license without informing the company— was pretextual. The arbitrator issued a final order in Adams Beverages's favor on May 23, 2016.

On June 6, 2016, Adams Beverages filed a copy of the arbitrator's decision and final order with the district court. At the same time, Adams Beverages asked the court to dismiss Durr's lawsuit with prejudice since the arbitrator's decision "effectively terminate[d] this litigation" and was "due to be enforced."

Two days later, on June 8, the district court entered an order directing Durr to show cause, on or before June 14, why the case should not be dismissed. Durr

2

neither responded by that deadline nor otherwise indicated to the court that he needed additional time to respond.  Without hearing anything from Durr, the district court, on June 22, dismissed the case with prejudice and entered judgment in favor of Adams Beverages.

On July 21, twenty-nine days after entry of judgment, Durr filed three documents: (1) a motion to set aside the judgment; (2) a motion to vacate the arbitration decision; and (3) a notice of appeal from the district court's judgment. The district court denied Durr's post-judgment motions one week later.  The court concluded that Durr had not shown good cause for his failure to respond to the order to show cause.  The court explained,

> Plaintiff was required to comply with the June 8, 2016 Order. If Plaintiff was unable to do so, it was his responsibility to seek timely relief from the deadline set by the Order. Plaintiff had sufficient time prior to the expiration of the deadline to file a motion requesting an extension, but he did not. After the deadline passed, the court delayed entry of judgment for more than a week, in which time Plaintiff still failed to file anything. Even if Plaintiff had good cause for a reasonable extension, he has offered no excuse—much less a justifiable one—for his failure to timely alert the court to his difficulty with the deadline and seek appropriate relief.

The court also noted that, "at the time judgment was entered, nothing in the record indicated that Plaintiff had any grounds or desire to oppose the motion.  In this court, motions to dismiss following the conclusion of arbitration are most often unopposed."

3

After finding no basis on which to set aside the judgment under Rule 60(b), Fed. R. Civ. P., the district court determined that Durr's "challenge to the underlying arbitration award [was] due no consideration," and so denied the motion. Durr, who is counseled, did not file a new or amended notice of appeal after these rulings.

## I.

Durr first argues that the district court abused its discretion by setting an unreasonably short deadline to respond to Adams Beverages's motion to dismiss and then dismissing the suit within the time period in which Durr could have moved to vacate the arbitration award.

We have repeatedly held that district courts have the power to manage their dockets. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014); *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863–64 (11th Cir. 2004). That "authority includes broad discretion in deciding how best to manage the cases before them." *Smith*, 750 F.3d at 1262 (internal quotation marks omitted). Moreover, a district court has "the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). We review district courts' decisions managing their dockets for abuse of discretion. *See*

4

*Young*, 358 F.3d at 863–64 (reviewing various district court decisions made in the course of managing its docket for abuse of discretion).

The Federal Arbitration Act ("FAA") presumes that arbitration awards will be confirmed, and judicial review of such awards is narrowly limited. *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 999 (11th Cir. 2007). The FAA allows a party to move to vacate an arbitration award in four limited circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). The listed grounds for relief are exclusive. *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1324 (11th Cir. 2010). Parties generally have three months after the award is filed or delivered to challenge the award in federal district court. *See* 9 U.S.C. § 12.

Here, the district court did not abuse its discretion in setting a deadline, enforcing it, and granting Adams Beverages's motion to dismiss. Once Adams Beverages filed its motion to dismiss and alerted the court that the arbitrator had granted final judgment in its favor, the court reasonably entered an order directing Durr to respond to the motion. Not only did Durr fail to timely respond to the court's order, but he also failed to say anything to the court until July 21, nearly six weeks after the order to show cause was entered and 29 days after the court entered judgment dismissing the case. If Durr thought the court gave him an inadequate amount of time to respond, it was incumbent upon him to notify the court and to seek an extension of time. Durr has offered no good reason, either below or on appeal, why he was not able to ask for an extension of time, despite the fact that his counsel may have been busy with other work. *See Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) (stating that an attorney's "preoccupy[ation] with other litigation" does not excuse a failure to respond).

Durr argues that the district court should not have dismissed the case until the three-month period for moving to vacate an arbitration award under 9 U.S.C. § 12 had elapsed. But at the time the district court entered judgment, Durr had given no indication that he intended to challenge the award. As far as the district court was aware, a final arbitration judgment had been entered, Adams Beverages

6

had moved to dismiss the complaint with prejudice, and Durr had failed to respond to a reasonable order to show cause why the motion to dismiss should not be granted.  Given the presumption that arbitration awards will be confirmed, *see AIG Baker*, 508 F.3d at 999, the narrow grounds for judicial review of an arbitration award, *see* 9 U.S.C. § 10, and the district court's own experience in cases involving arbitration, we cannot say it was unreasonable for the district court to presume, absent any response from Durr, that Durr did not intend challenge the arbitration award.  We therefore conclude that the district court acted within its broad discretion to manage its docket and efficiently dispose of litigation when it granted Adams Beverages's motion to dismiss.[1]  *See Smith*, 750 F.3d at 1262; *Zocaras*, 465 F.3d at 483.

## II.

Next, Durr argues that the district court erred in denying his post-judgment motions to reopen the judgment and to vacate the arbitration award.  Adams Beverages argues that we lack jurisdiction to review the denial of these motions because Durr did not file a notice of appeal designating these rulings.  We agree with Adams Beverages and therefore dismiss this portion of the appeal.

---

[1] For the same reasons, we reject Durr's contention that the district court should not have dismissed the lawsuit within the thirty-day period in which he could have asked the arbitrator to reconsider the decision.

7

We "*sua sponte* examine the existence of appellate jurisdiction and review jurisdictional issues *de novo*." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1266 (11th Cir. 2015). In a civil action, the appealing party must file a notice of appeal within 30 days of the entry of the judgment or order appealed from. Fed. R. App. P. 4(a). The notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). Satisfying this requirement is a prerequisite to the exercise of appellate jurisdiction in a civil case. *United Steel*, 807 F.3d at 1266.

A party who files a post-judgment motion for relief is not required to wait until the district court provides a ruling on that motion before he appeals the final judgment. *Weatherly v. Alabama State Univ.*, 728 F.3d 1263, 1271 (11th Cir 2013); *see also* Fed. R. App. P. 4(a)(4)(B)(ii). At the same time, though, if the party appeals the judgment before the court resolves a post-judgment motion, the earlier filed notice of appeal is not effective to appeal the later ruling denying the post-judgment motion. *See Weatherly*, 728 F.3d at 1271. Instead, the appellant must file a new or amended notice of appeal that designates the order denying the post-judgment motion. *See id.*; *see also Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (holding that a notice of appeal must

8

designate an existing order, not one that is merely expected when the notice of appeal is filed).

Here, we lack jurisdiction to review Durr's challenges to the district court's order denying his post-judgment motions.  Although Durr filed a notice of appeal from the judgment of dismissal, he failed to file a new or amended notice of appeal after the court entered the order denying his post-judgment motions.  And because he failed to file a new or amended notice of appeal after the order's entry, he failed to perfect his appeal as to that order.[2]  *Weatherly*, 728 F.3d at 1271–72; *Bogle*, 162 F.3d at 661.  Accordingly, we lack jurisdiction to consider Durr's arguments challenging the denial of his post-judgment motions, including that the district court was required to address his motion to vacate the arbitration award because it was filed within three months of that decision under 9 U.S.C. § 12.  Accordingly, we DISMISS this portion of the appeal for lack of jurisdiction.

**AFFIRMED IN PART and DISMISSED IN PART.**

---

[2] Durr's post-judgment motions were filed on the 29th day after entry of judgment and so were not timely motions under Rule 4(a)(4)(A).  *See* Fed. R. App. P. 4(a)(4)(A) (providing that motions under Rule 4(a)(4)(A) must be filed within 28 days after entry of judgment).  Regardless of whether the motions were filed within 28 days after entry of judgment, however, we lack jurisdiction to review the order denying these motions because he did comply with Rule 3(c), Fed. R. App. P., by filing a notice of appeal that designated the denial order.  *See Weatherly*, 728 F.3d at 1271–72; *Bogle*, 162 F.3d at 661.