[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13190
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-00146-LC-EMT

JOSEPH L. STRICKLAND,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
R. RIVERA,
Dr.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 28, 2018)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph L. Strickland, a prisoner proceeding *pro se*, appeals the dismissal of his action against the United States and Dr. R. Rivera, seeking relief under the Federal Tort Claims Act ("FTCA")[1] and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*.[2]  The District Court denied Strickland's motion to amend his complaint, after Strickland had already amended his complaint once.  It then dismissed the complaint without prejudice because Strickland misrepresented the number of cases he had previously filed in district court.  Strickland argues on appeal that the District Court abused its discretion in denying his motion to amend. He also argues that the District Court abused its discretion in dismissing his complaint because, even though the District Court's order stated the dismissal was without prejudice, the dismissal of his FTCA claim was in effect with prejudice since the statute of limitations had run for that claim.  We affirm the District Court's decision on both matters.

## I.

We review the denial of a motion to amend a complaint for abuse of discretion.  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  A plaintiff

---

[1] 28 U.S.C. § 1346(b)(1).

[2] 403 U.S. 388, 91 S. Ct. 1999 (1971).

may amend his complaint once at any time before the defendants file a responsive pleading. Fed. R. Civ. P. 15(a)(1); *see Fortner v. Thomas*, 983 F.2d 1024, 1032 (11th Cir. 1993). After the first amendment, however, the district court should only grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Strickland did not file his initial complaint on the court-approved form, as required under the Local Rule 5.7(A) for the Northern District of Florida. The District Court therefore provided Strickland an opportunity to amend his complaint. He did so. Later on, Strickland moved to "Add Names to [the] Complaint," seeking to name additional prison officials as defendants. The District Court summarily denied this motion. It did not abuse its discretion in doing so because Strickland had an opportunity to amend his complaint and he made no argument as to why the interests of justice warranted a second amendment.

## II.

A district court must dismiss an *in forma pauperis* action if it is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). We review a district court's dismissal under § 1915(e)(2)(B)(i) for an abuse of discretion. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). A district court has "the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). But the dismissal of a case with prejudice is a sanction of last resort, applicable only in

extreme circumstances. *Id.* Therefore, a district court may dismiss an action with prejudice only upon a clear record of willful misconduct and an implicit or explicit finding that lesser sanctions would not suffice. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

The District Court did not abuse its discretion in dismissing Strickland's complaint—even though the dismissal of his FTCA claim was in effect with prejudice—because the action was malicious. The complaint form instructed Strickland that his case would be dismissed if he failed to list any previously filed cases. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that it is an abuse of process to fail to disclose previous litigation when proceeding *in forma pauperis*), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007). It also instructed him to inform the District Court if he was unsure of the cases he had filed previously. Strickland nonetheless failed to disclose eight habeas petitions he filed in district court.[3] The record thus shows clear and willful misconduct.

A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources. The District Court implicitly found as much, and therefore it did not abuse its discretion

---

[3] The District Court also identified previous litigation in which Strickland made repetitive and successive filings or voluntarily dismissed his lawsuit after service.

by dismissing Strickland's FTCA claim with prejudice.  Strickland remains free to refile his *Bivens* claim in this case, so long as he does so within the applicable statute of limitations.  *See Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996) (stating that *Bivens* claims have a four-year statute of limitations).

    **AFFIRMED.**

5