[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13378
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-02921-TCB


BRUCE EDWARD PHILLIPS, JR.,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,
DEPARTMENT OF VETERANS AFFAIRS,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 24, 2019)

Before TJOFLAT, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Bruce Edward Phillips, Jr. appeals from the District Court's *sua sponte* dismissal of his *pro se* civil rights action for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i), and the District Court's denial of 31 motions as moot.  In his complaint, Phillips alleged various torts and crimes by an unspecified number of persons.  For example, Phillips alleged that someone broke into his apartment and tore down pictures of Beyoncé Knowles, and that "Mrs. Beyoncé Knowles Carter and her mother Mrs. Tina Knowles, who also work[ed] closely with Mr. and Mrs. Bill and Melinda Gates, all of whom work[ed] for the CIA, regularly attend[ed] [Phillips's] Tai Chi and Kung Fu Martial Arts School in Washington[,] DC, and [were] fully aware and may have been partially responsible for the break-in" at his apartment.

On appeal, Phillips has filed what appears to be an almost identical version of the complaint he filed in the District Court, along with the "Addend[a]" he later filed.  He does not expressly address the District Court's grounds for dismissing his complaint or denying his pending motions.

When appropriate, we will review a district court's dismissal of a claim as frivolous under § 1915(e)(2)(B)(i) for abuse of discretion. *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  We likewise review the dismissal of a case for failure to comply with the rules of the court for abuse of discretion. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

2

Phillips's appeal fails for two reasons.  First, he has abandoned any challenge to the District Court's order because he failed to address any of its conclusions—he simply refiled his complaint and addenda.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).  Second, even if his brief can be read as a challenge to the District Court's order, the District Court did not err.  Phillips's allegations are "wildly implausible," and the District Court correctly refused to accept them as true.  *See Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  The District Court also correctly determined that most of Phillips's allegations appeared entirely unrelated, so the defendants were improperly joined under Federal Rule of Civil Procedure 20.  *See* Fed. R. Civ. P. 20(a)(2).

Accordingly, we affirm the District Court's order.

**AFFIRMED.**

3