[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14466
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00022-CV-BAE-6

WARREN SKILLERN,

Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF CORRECTIONS COMMISSIONER,
GEORGIA STATE PRISON,
GUARD JOHNNY SMITH,
VICKI NAIL,
GSP Mailroom Supervisor,
GSP COUNSELOR STRICKLAND, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 17, 2010)

Before TJOFLAT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Warren Skillern, a Georgia prisoner proceeding pro se, appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 action. A magistrate judge found that Skillern's complaint contained claims against multiple defendants that did not arise out of the same transaction or occurrence or series of transactions or occurrences, and directed Skillern to bring his complaint into compliance with Fed.R.Civ.P. 20(a). After an independent review of the record and Skillern's response to the magistrate's order, the district court found that Skillern had not complied and dismissed his complaint without prejudice. Skillern appealed and then moved for recusal of the district court judge, which the district court denied.

On appeal, Skillern argues that the district court judge erred in denying his motion for recusal. Skillern also claims that he complied with Fed.R.Civ.P. 20(a) because he did not make claims against each person separately but rather that their individual misconduct aggregately was going to cause him another heart attack, and thus, the district court erred in dismissing his complaint. Based on such reasoning, Skillern argues that the district court also erred in denying his request to add others as defendants whose misconduct endangered his life or intentionally deprived him of his liberty. After thorough review, we affirm.

A district court's decision to dismiss a case for failure to comply with the rules of the court is reviewed for abuse of discretion. Zocaras v. Castro, 465 F.3d

2

479, 483 (11th Cir. 2006). According to Rule 20(a), defendants may be joined in an action where the claim arises "out of the same transaction, occurrence, or series of transactions or occurrences." Fed.R.Civ.P. 20(a)(2)(A).

Pursuant to Fed.R.Civ.P. 41(b), a district court may dismiss a complaint for failure to comply with a court order or the federal rules. "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras, 465 F.3d at 483. "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Additionally, "a timely and properly filed notice of appeal is a mandatory prerequisite to appellate jurisdiction." Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006). "Rule 3(c) requires that a notice of appeal designate an existent judgment or order, not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed." Bogle v. Orange County Bd. of County Comm'rs, 162 F.3d 653, 661 (11th Cir. 1998); see Fed.R.App.P. 3(c)(1)(B). In McDougald v. Jensen, 786 F.2d 1465, 1474 (11th Cir. 1986), we held that a litigant who filed a notice of appeal before the entry of the relevant order did not evince the requisite intent to satisfy Rule 3.

3

Here, the district court did not abuse its discretion in dismissing Skillern's case without prejudice because Skillern failed to comply with the magistrate's order to comply with Rule 20(a) when he did not show that the claims against the defendants arose out of the same transaction, occurrence, or series of transactions or occurrences but instead claimed that many different transactions and occurrences were related because they showed the defendants' overall indifference to his medical conditions. See Fed.R.Civ.P. 41(b); Moon, 863 F.2d at 837. The actions of the defendants named by Skillern appear to be separate incidents, ranging from feeding Skillern inedible food to leaving him in isolation to not giving him proper medical care to improperly convicting him of a crime, occurring on different dates, and thus, while Skillern alleges that the actions of each defendant showed indifference to his failing health, there appears to be no other alleged connection between the people and events Skillern described.

Moreover, pursuant to Rule 3, we lack jurisdiction to review the denial of Skillern's motion for recusal, as the order postdated the notice of appeal, and Skillern failed to amend the notice of appeal to specifically designate that order. See Fed.R.App.P. 3(c); McDougald, 776 F.2d at 1474 (11th Cir. 1986).[1]

**AFFIRMED.**

---

[1] In addition, Skillern's motion to expedite review and his motion for injunctive relief are both DENIED as moot.