[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11828
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 14, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-23267-MGC

WILLIE ALBERT SMITH,

                                                    Plaintiff-Appellant,

versus

COLONEL CLEMONS, Correctional Officer,
LT. VEAL,
SGT. R. BROWN,
SGT. FIGUROA,
SGT. EDGECOMB, et al.,

                                                    Defendants-Appellees.

_____

No. 11-11834
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-20439-UU

WILLIE ALBERT SMITH,

                                                    Plaintiff-Appellant,

versus

COLONEL CLEMONS,
SGT. FIGUROA,
SGT. E. BROWN,
SGT. CLARK,
C.O.I. HERNANDEZ,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____
(February 14, 2012)

Before CARNES, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Willie Albert Smith, incarcerated and proceeding pro se, appeals the district court's dismissal of his civil rights complaints under the "three strikes" provision of the Prison Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g). Smith argues that the district court erred in finding he was not in "imminent danger of serious physical injury," a determination that would require Smith to pay the full $350.00 filing fee if he were to re-file his complaints. See id. And relatedly, Smith argues that the district court erred in denying as moot three motions he had pending upon

dismissal of the case.[1]

We review de novo a dismissal under the PLRA's "three strikes" provision, 28 U.S.C. § 1915(g). Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). The "three strikes" provision "bars a prisoner, who has filed three or more complaints that have been dismissed as frivolous or malicious or for failure to state a claim, from filing a complaint in forma pauperis, unless the prisoner is 'under imminent danger of serious physical injury.'" Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (quoting 28 U.S.C. § 1915(g)).

The magistrate judges' reports and recommendations confirm, and Smith does not dispute, that he qualifies as a three-striker under Section 1915(g). So, in order to bring his claims in forma pauperis, Smith must be "under imminent danger of serious physical injury," including at the time he filed his complaints. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 2004) (holding that a three-strike prisoner was not "under imminent danger of serious physical injury" because the threat he alleged at Everglades Correctional Institution "had ceased

---

[1] Smith also argues that the magistrate judge erred in denying his motion to consolidate his February 2011 case with two earlier civil rights cases, including the September 2010 case. But Smith did not timely object to the magistrate judge's order denying his motion to consolidate and has, therefore, waived any objections. See Fed. R. Civ. P. 72(a) (stating that a party "may not assign as error a defect in the order not timely objected to").

prior to the filing of his Complaint").

In determining whether a prisoner is in imminent danger, we look to the prisoner's complaint "as a whole," construing it liberally and accepting his allegations as true. Brown, 387 F.3d at 1350 (in evaluating whether prison's failure to treat inmate with HIV placed him in imminent danger of serious injury, looking to the whole of his complaint by considering his allegations of current skin and vision problems as well as the "alleged danger of more serious afflictions" in the future).

In his initial Complaint, filed in September 2010, Smith alleged civil rights violations by correctional officers at Everglades Correctional Institution. Among those allegations, Smith claimed that in August 2010 Sergeant Brown punched him in the abdomen, despite his having had hernia surgery nine days before.[2]

Smith initiated a separate action by filing another complaint on February 5, 2011. In that complaint, Smith alleged correctional officers' retaliation for his September 2010 suit. Specifically, he claimed that Sergeant Brown had repeatedly threatened him with violence more severe than the earlier punch in the gut.

---

[2] In his February 2011 complaint, Smith alleges that this incident took place four days before his hernia surgery. For our purposes, the timing of this incident is equally significant, whether it happened four days before a scheduled surgery or shortly thereafter.

4

According to Smith, on January 9, 2011, Sergeant Brown told him that "if I do not withdraw my lawsuit that the punch to my abdomen was just a taste of what he . . . would do to me."  Smith also alleged that, on January 15, 2011, Sergeant Brown called him over from the recreation line "and told me that he don't give a fuck about what I write up and that the day that he hit me in the abdomen was just an example of what he can do to me and get away with it."

The magistrate judge evaluated Smith's September 2010 complaint on February 10, 2011.  In recommending the dismissal of that complaint, the magistrate judge took judicial notice of the allegations in Smith's February 2011 complaint, but concluded that "[i]t is clear that in the six months following the filing of this [September] complaint, the plaintiff has not been placed in imminent danger."  Over Smith's objections, the district court adopted the recommendation of the magistrate judge and dismissed the case.  Smith's February 2011 complaint followed a similar course and was dismissed on March 21, 2011.  These appeals followed.

Accepting Smith's allegations as true, and viewing them as a whole, Smith has alleged mistreatment and the danger of more serious abuse.  Cf. Brown, 387 F.3d at 1350 (finding imminent danger of serious physical injury where mistreatment exposed prisoner to the "alleged danger of more serious afflictions").

5

Smith's September 2010 complaint alleged that correctional officers, including Sergeant Brown, engaged in physical violence against him. And his February 2011 complaint contained specific allegations that the physical violence would become more dangerous: fresh threats of severe violence by the same officer, Sergeant Brown. The court was aware of those allegations when it dismissed both the September 2010 and the February 2011 complaints. We therefore conclude that the allegations made in Smith's complaints showed an "imminent danger of serious physical injury," at the time of filing and since, sufficient to permit his filing these claims in forma pauperis.

In light of this conclusion, we vacate the district court's dismissal of Smith's complaints under 28 U.S.C. § 1915(g), and remand for further proceedings consistent with this opinion, including the disposition of the three motions that were denied as moot following the dismissal of Smith's complaints.

**VACATED AND REMANDED**.