[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12134
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-20439-UU


WILLIE ALBERT SMITH,

Plaintiff-Appellant,

versus

COLONEL CLEMONS,
SGT. FIGUROA,
et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 26, 2013)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Previously this Court vacated and remanded the district court's dismissal of Willie Albert Smith's civil rights complaint against correctional officers at Everglades Correctional Institution. Smith v. Clemons, 465 F. App'x 835 (11th Cir. 2012). Upon remand the district court dismissed Smith's complaint on different grounds. Now Smith, proceeding pro se, appeals the dismissal of his complaint as well as a motion we will construe as filed pursuant to Federal Rule of Civil Procedure 59(e). Smith contends that the district court abused its discretion by dismissing his suit because the court did not find that (1) his failure to comply with the court order was willful or contumacious, or that (2) lesser sanctions would have been insufficient. For the reasons below, we again vacate and remand.

After Smith obtained an entry of default against four of the defendants, the district court ordered him to submit proof of his claimed damages. Smith failed to do so by the due date, but did submit two additional motions for default that included affidavits signed by him claiming the amount of damages. The district court then gave Smith until March 18, 2013 to show cause why the action should not be dismissed for failure to prosecute, stating Smith had failed to comply with the court's earlier order to submit proof of damages. On March 22, 2013, the district court dismissed Smith's suit. On April 11, 2013, Smith filed his Rule 59(e) motion, attaching documents including one date-stamped March 15, 2013 titled

2

"Response to Order to Show Cause" that Smith argued was not filed because of a problem with the prison mailroom.  The court denied the motion.

We review the dismissal of a complaint for failure to comply with a court order for an abuse of discretion.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 n.14 (11th Cir. 2009).  The district court has the inherent authority to manage its own docket in order "to achieve the orderly and expeditious disposition of cases."  Id. at 1240 (internal quotation mark omitted).  The court can dismiss a claim if the plaintiff fails to prosecute it or if the plaintiff does not comply with a court order.  Id.  The district court is not required to "tolerate defiance of reasonable orders."  Id. at 1241.

Nevertheless, the district court's discretion to impose sanctions on a party who fails to adhere to court rules and orders is not unlimited.  Dismissal with prejudice is improper "unless the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (internal quotation marks omitted); see also Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005) ("Our case law has articulated with crystalline clarity the outer boundary of the district court's discretion in these matters: dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such

3

conduct."). "[F]indings satisfying both prongs of our standard are <u>essential</u> before dismissal with prejudice is appropriate." <u>Betty K Agencies, Ltd.</u>, 432 F.3d at 1339. Mere negligence or confusion does not justify a finding of willful misconduct. <u>Zocaras</u>, 465 F.3d at 483.

In many ways this case parallels the <u>Betty K</u> case. There, as here, the party alleged to have failed in filing the necessary documents conceded that to be the case, although in that case they never tried to file with the court, as Smith claims he did. There, as here, the district court failed to specifically find that lesser sanctions would not suffice. Also there, as here, the district court did not identify in its order a "willful or contumacious disregard for court rules." <u>Betty K</u>, 432 F.3d at 1335. Thus, for the same reasons we were "compelled" to vacate in <u>Betty K</u>, <u>see id.</u> at 1340, we are compelled to do so here.

The district court abused its discretion by not making the requisite findings to dismiss Smith's complaint for failure to comply with a court order, as it did not find that Smith had acted willfully or that lesser sanctions were insufficient. On this record, we vacate and remand the district court's order dismissing the complaint. In light of this ruling, we need not address Smith's appeal of the denial of his Rule 59(e) motion.

**VACATED AND REMANDED.**