[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13568
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-01743-PGB-KRS

MICHELLE HOPKINS,

Plaintiff-Appellant,

versus

JPMORGAN CHASE AND CO.,

Defendant,

JPMORGAN CHASE BANK, N.A.,
JESSICA ENZ,
BRIAN LOGSDON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 2, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Michelle Hopkins, a former employee of JPMorgan Chase Bank, N.A., appeals *pro se* the dismissal with prejudice of her third amended complaint against the bank and her former supervisors, Jessica Enz and Brian Logsdon. Hopkins complained about discrimination based on her race and her gender and of retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10, and about discrimination based on her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623. We affirm.

The district court did not abuse its discretion when it dismissed with prejudice Hopkins's third amended complaint. That pleading, as the district court stated, "consist[ed] of stream of consciousness narrative" and "undecipherable language." The district court allowed Hopkins to amend her complaint three times and, in its orders, the district court identified specific defects in the pleadings, described the elements for Hopkins's putative claims, and instructed her to file a complaint containing a short and simple statement of her claims and her demand for relief, *see* Fed. R. Civ. P. 8(a), in separately numbered paragraphs, *see* Fed. R. Civ. P. 10(b). Hopkins disregarded those instructions and filed a third amended complaint consisting of selected pages from her earlier complaints, a statement of

2

facts from her original complaint, which the district court had described as an "incoherent narrative" for which it was "impossible . . . to formulate a response," her charge of discrimination, and the dismissal form issued by the Commission. The district court reasonably decided to dismiss Hopkins's third amended complaint with prejudice when she failed repeatedly to amend her complaint in compliance with the rules of procedure. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). And the district court correctly determined that Hopkins's claims against Enz and Logsdon failed to state a claim, *see* Fed. R. Civ. P. 12(b)(6), because employers, not individual employees, are liable for violations of Title VII and the Age Discrimination Act. *See Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (Employees "cannot be held liable under the ADEA or Title VII.").

Hopkins challenges the judgment on five grounds, all of which fail. First, Hopkins mentions in her statement of jurisdiction that her "action is brought for discrimination in employment pursuant to . . . [the] Americans with Disabilities Act of 1990," but she acknowledges that she did "[n]ot mention [the Act] in [her] original complaint or amended complaints." Second, Hopkins argues that she was entitled to an evidentiary hearing, but no hearing is required to dismiss a defective pleading. Third, Hopkins argues that her motion for spoliation is still pending, but the district court denied her motion before dismissing the complaint. Fourth, Hopkins argues that two district court judges violated ethical rules by participating

3

in the case, but both judges recused before Hopkins filed her third amended complaint. Fifth, Hopkins accuses a magistrate judge of judicial misconduct, but we will not consider an issue that she failed to raise below and argues for the first time in her reply brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

We **AFFIRM** the dismissal of Hopkins's third amended complaint.