[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15782
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-02883-LMM


THERIAN CORNELIA WIMBUSH,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,
NATHAN DEAL,
individually and in his official capacity
as the governor of the State of Georgia,
GWINNETT COUNTY GOVERNMENT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 22, 2016)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Therian Wimbush, a pre-trial detainee proceeding pro se, appeals the sua sponte dismissal of her 42 U.S.C. § 1983 action against the State of Georgia, the Governor of Georgia, numerous state and county agencies, officials, employees, and various judges and prosecutors, for willful refusal to obey the court's orders and alternatively, for failure to state a claim. Wimbush raises three issues on appeal. First, she contends the court failed to comply with the statutory requirements of 28 U.S.C. § 1915A, requiring courts to seek out and identify any cognizable claim within a pleading. Second, she asserts the district court erred in dismissing her claim without prejudice for willful refusal to obey the court's orders. Finally, she argues the district court erred in dismissing her complaint for failure to state a claim for relief. Upon review,[1] because we find the district court did not abuse its discretion in dismissing Wimbush's claims for failure to obey its orders, we affirm.

## I. DISCUSSION

To properly state a claim, a plaintiff must file a complaint containing "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] We review a district court's exercise of its authority to dismiss for failure to comply with a court order for an abuse of discretion. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

2

Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 556 U.S. at 555).

As to the first issue, § 1915A states that on review of a prisoner's civil complaint, the district court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). In order to identify cognizable claims in Wimbush's lengthy and convoluted pleading, the court ordered Wimbush to refile her complaint on the form provided by the clerk of the court and specified the manner in which Wimbush should plead her claims. Wimbush refused to do so. She cannot shift her responsibility to submit an adequate pleading to the court while refusing to follow its orders. *See Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) ("[Although we] hold the allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers . . . this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise

3

deficient pleading in order to sustain an action." (citation and quotation omitted)). Her suggestion that the district court failed to comply with § 1915A is inapposite.

Second, because Wimbush repeatedly refused to refile her complaint as directed, the district court was permitted to dismiss the action for failure to obey its orders. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) ("[A] court has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."); N.D. Ga. Civ. R. 41.3(A)(2) ("The court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff or plaintiff's attorney shall, after notice . . . refuse to obey a lawful order of the court in the case."). Wimbush was ordered to refile in the manner provided by the court three times and was specifically told failure to comply could result in dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Yet Wimbush repeatedly refused to submit an amended complaint and instead filed multiple motions contesting the court's orders. Her stubborn disobedience was clearly willful and any sanction short of dismissal would have been futile. *Zocaras*, 465 F.3d at 483 ("Dismissal with prejudice is not proper unless the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct.") (quotation omitted); *see*

*also id.* at 484 ("[W]e have made clear that such consideration [of alternative sanctions] need not be explicit.") (citation omitted).  The district court did not err in exercising its authority to dismiss Wimbush's complaint.  As a result, we need not address the third issue regarding the district court's alternative holding that the complaint failed to state a claim.

The order dismissing all claims specified only that its dismissal of the malicious prosecution claim was without prejudice.  Thus all Wimbush's other claims are dismissed with prejudice.  *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."); N.D. Ga. Civ. R. 41.3(B) ("[A] dismissal for want of prosecution operates as an adjudication on the merits of the action unless the court specifies otherwise in its order of dismissal.").

## II. CONCLUSION

The district court did not abuse its discretion in dismissing Wimbush's claims after she repeatedly and willfully failed to obey its orders.  Accordingly, we affirm.

**AFFIRMED.**