[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12013
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00021-WBH

HERBERT BRENT,

Plaintiff-Appellant,

versus

HYUNDAI MOTOR'S AMERICA,
HYUNDAI MOTOR'S OF AMERICA, INC.,
d.b.a. Hyundai Motor's Finance,
THORNTON ROAD HYUNDAI,
DAVID WATTS,
General Manager, Thornton Road Hyundai,
KEN FLANNAGAN,
Salesman, Thornton Road Hyundai, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 1, 2017)

Before HULL, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Herbert Brent, proceeding *pro se*, appeals the district court's order dismissing his civil action for failure to obey a court order.

We review district court's dismissal for failure to comply with the rules of the court for abuse of discretion. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). Dismissal with prejudice is proper only when "the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Id.* (quotation marks omitted). The district court may make the finding that lesser sanctions are inadequate implicitly. *Id.* at 484. Although we will liberally construe a *pro se* plaintiff's pleadings, *pro se* litigants are required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Issues not briefed on appeal, even by *pro se* litigants, are considered abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Passing references to issues are insufficient to raise a claim on appeal, and a litigant abandons an issue if he makes no arguments on its merits. *Kelliher v. Veneman*, 313 F.3d 1270, 1274 n.3 (11th Cir. 2002).

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In interpreting this

provision, we have held that the district court may *sua sponte* dismiss a case under Rule 41(b).  *Betty K Agencies, Ltd., v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).  Similarly, Civil Local Rule 41.3(A)(1) for the Northern District of Georgia states that a district court may, with or without notice to the parties, dismiss a civil case for want of prosecution if a plaintiff: "fail[s] or refuse[s] to obey a lawful order of the court in the case."  N.D. Ga. Civ. L. R. 41.3(A)(2).

Even liberally construing Brent's brief, he has abandoned any challenge to the district court's dismissal because he does not advance any argument about it. *See Timson*, 518 F.3d at 874; *Kelliher*, 313 F.3d at 1274 n.3.  Brent makes only one passing reference to the dismissal order in his brief, and makes no substantive argument about it.

However, even considering the dismissal on the merits, the district court did not abuse its discretion in dismissing Brent's complaint for failure to comply with the district court's January 27, 2016 order.  First, Brent disobeyed the court's order, as he was ordered to amend his shotgun complaint, with specific instructions not to include legal arguments or causes of action.  Although it appears Brent drafted and mailed his amended complaint before getting those instructions, he never tried to submit another amended complaint that complied with the district court's instructions.  Second, Brent's disobedience was willful and not the result of a good faith mistake or confusion.  The instruction was clear, and Brent did not

3

come close to complying, as all of his filings were riddled with argument, he continually added causes of action, and he never said which defendant did what. Third, the district court's implicit finding that lesser sanctions would not have sufficed is reasonable under the circumstances.  A properly amended complaint was essential to deciding whether Brent even had a viable claim.  The district court told Brent that the causes of action identified in his complaint did not state a claim for relief, and he still failed to say what the defendants did so the district court could decide what, if any, claims he might have.  Such a blatant failure at such a critical stage, with respect to such a clear directive (which the court did only to try to help Brent as a *pro se* litigant), justifies a finding that no lesser sanction than dismissal would suffice.  *Zocaras*, 465 F.3d at 484.  Accordingly, we affirm.

**AFFIRMED.**