[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15954
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-03520-WSD

ERIKA JACOBS,

Plaintiff-Appellant,

versus

ATLANTA POLICE DEPARTMENT,
Airport,
DEKALB COUNTY POLICE DEPARTMENT,
COBB COUNTY POLICE DEPARTMENT,
ET. ALL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 17, 2017)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Erika Jacobs, proceeding pro se and in forma pauperis, appeals the sua sponte dismissal of her pro se complaint for failure to comply with the district court's order to file an amended complaint. Jacob's pro se complaint alleged claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq., and 42 U.S.C. § 1983. On appeal, Jacobs's brief, liberally construed, argues that the district court erred in dismissing her complaint and in denying her post-judgment motions to extend the time to file an amended complaint and for reconsideration. After review, we vacate the district court's dismissal with prejudice and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

### A. Complaint Filed October 7, 2016

Jacobs filed her pro se complaint against (1) the Atlanta Police Department; (2) the Dekalb County Police Department; (3) the Cobb County Police Department; and (4) "et. all [sic]," without listing other entities or people. Jacob's complaint recounted numerous interactions with mostly unidentified police officers from various municipalities or agencies between 2013 and 2015 and alleged negligence, discrimination in violation of Title VI, and violations of her First, Fourth, and Fourteenth Amendment rights.

On October 7, 2016, a magistrate judge granted Jacob's application for leave to proceed in forma pauperis ("IFP") and ordered that service of process not issue

until the district court had made a frivolity determination as to Jacob's complaint. The magistrate judge cautioned Jacobs that she must advise the district court of her current address at all times while her action was pending.  The magistrate judge noted that Jacobs was "no stranger to the judicial process" and had filed five other civil actions in the Northern District of Georgia, two of which had been dismissed in part for failure to obey a court order.

**B.    March 23, 2016 Order Allowing until April 8 to Amend Complaint**

On March 23, 2016, the district court, in conducting its frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), determined that Jacobs's complaint failed to comply with Federal Rules of Civil Procedure 8 and 10.  The district court stated that Jacob's complaint "does not comply with these rules because it contains four 'paragraphs,' each of which contains a laundry list of allegations involving multiple sets of circumstances, individuals, and alleged claims."

In its March 23 order, the district court ordered Jacobs to file an amended complaint by April 8, 2016 that identified the claims she sought to assert against each defendant and the specific facts that supported each claim.  The district court also warned Jacobs that failure to comply with the court's order would result in dismissal pursuant to the Northern District of Georgia's Local Rule 41.3A(2).  See N.D. Ga. L.R. 41.3A(2) (providing that the court may, with or without notice to the

3

parties, dismiss a civil case for want of prosecution if a plaintiff, after notice, fails or refuses to obey a lawful order of the court in the case).

## C.    April 13, 2016 Order Dismissing Case

Jacobs did not file an amended complaint or a motion for an extension of time on or before April 8.  On April 13, 2016, the district court entered an order sua sponte dismissing her complaint pursuant to Local Rule 41.3(A)(2) for failure to comply with the court's March 23, 2016 order.  The clerk's office entered a judgment dismissing Jacob's action.  Because this dismissal did not say without prejudice, it is a dismissal with prejudice.  See Fed. R. Civ. P. 41(b).

## D.    Jacob's April 13, 2016 Motion to Extend April 8 Deadline

On April 13 (the same day that her complaint was dismissed), Jacobs filed a motion for an extension of time to file an amended complaint.  On the same day, Jacobs also filed a notice of a change of address.

In Jacobs's extension motion, Jacobs explained that her mailing address changed on March 23, 2016, she requested that the post office forward all of her mail, but she had not yet received the district court's March 23, 2016 order.  Instead, Jacobs first learned of the court's March 23 order when she called the clerk's office on April 7, 2016.

## E.    April 14, 2016 Order Denying Motion for an Extension

4

On April 14, 2016, the district court denied Jacob's motion for an extension of time to file an amended complaint. The district court noted that the time given to amend her complaint had expired on April 8, and Jacobs had not complied with the court's March 23 order.

In response to Jacob's claim that she never received the March 23 order, the district court found that Jacobs was at fault because she failed to inform the court of her change of address. The district court explained that Jacobs's failure to inform the court of her address change, which was grounds for dismissal without prejudice under Local Rule 41.2(B), "adversely affected the management" of Jacob's case and led to her failure to comply with the court's March 23, 2016 order, as follows:

> Under Local Rule 41.2(B), "failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice.["]
> Plaintiff failed to inform the Court of her change of address, and dismissal of this action would be warranted for this reason. Her failure adversely affected the management of this case, leading to Plaintiff's failure to comply with the Court's March 23rd Order.

## F.    Jacob's April 27, 2016 Motion for Reconsideration

On April 27, 2016, Jacobs filed a motion for reconsideration of the April 14 order and elaborated on why she had failed to comply with the March 23 order and had not filed her amended complaint by April 8. Jacobs explained that she closed

her post office box in Atlanta on March 23, 2016, after checking that there were no notices from the district court. Jacobs initially gave the post office a temporary forwarding address, but immediately gave the post office her new mailing address in North Carolina when she obtained it on March 28, 2016. During the week of March 28, 2016, Jacobs contacted the clerk's office by telephone to check on the status of her case and was given the impression that the district court had not sent her any information.

During the week of April 4, 2016, Jacobs called the clerk's office again and learned of the district court's March 23, 2016 order. The clerk informed Jacobs that her address could not be updated by telephone and that Jacobs would need to submit a change of address in writing. Jacobs asked about obtaining a copy of the district court's March 23 order online and was told that only attorneys had online access. Jacobs said that on April 8, 2016, she mailed her written notice of change of address and her motion for extension of time. These, however, were not actually filed until April 13, as outlined above. Jacobs also reported that on April 21, she received both the district court's March 23, 2016 order and its April 13, 2016 order. Jacobs's motion for reconsideration asked for more time to amend her complaint.

**G.    August 26, 2016 Order Denying Motion for Reconsideration**

6

On August 26, 2016, the district court denied Jacob's motion for reconsideration. The district court noted that in her April 27 motion, Jacobs "again states that she changed her address and did not receive the March 23rd Order," and that Jacobs "still has not filed her Amended Complaint." The district court denied Jacobs's motion for reconsideration, pursuant to Local Rule 7.2(E), because it did not "identify any newly discovered evidence, change in controlling law, or need to correct a clear error of law or fact." The district court explained:

> Plaintiff's Motion for Reconsideration offers the same reasons for her failure to comply with the March 23rd Order that the Court rejected in its order denying Plaintiff's Motion for Extension of Time to File an Amended Complaint. As the Court noted in denying that motion, under Local Rule 41.2(B), "failure . . . of a party appearing pro se to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice." LR 41.2(B), NDGa. Plaintiff failed to inform the Court of her change of address, and dismissal of this action would be warranted for this additional reason. Her failure adversely affected the management of this case, leading to Plaintiff's failure to comply with the Court's March 23rd Order. The Court also notes that Plaintiff has had nearly five months to file her Amended Complaint, but has failed to do so.

As of August 26, 2016, Jacobs still had not filed her proposed amended complaint or attached it to any motion.

## II. DISCUSSION

7

## A.    General Principles

A district court may <u>sua sponte</u> dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order.  <u>See</u> Fed. R. Civ. P 41(b); <u>see also</u> N.D. Ga. L.R. 41.3(A)(2); <u>Betty K Agencies, Ltd. v. M/V Monada</u>, 432 F.3d 1333, 1337 (11th Cir. 2005).  Unless the district court states otherwise, a dismissal under Rule 41(b) is an adjudication on the merits, and thus is a dismissal with prejudice.  <u>See</u> Fed. R. Civ. P. 41(b).  We review such dismissals for an abuse of discretion.  <u>Kilgo v. Ricks</u>, 983 F.2d 189, 192 (11th Cir. 1993).

Dismissal with prejudice is a sanction of last resort, and proper only if the district court finds: (1) "a clear record of delay or willful conduct" and (2) "that lesser sanctions are inadequate to correct such conduct."  <u>Zocaras v. Castro</u>, 465 F.3d 479, 483-84 (11th Cir. 2006) (quoting <u>Betty K Agencies</u>, 432 F.3d at 1339); <u>Kilgo</u>, 983 F.2d at 192.  As to the first prong, mere delay will not suffice, rather, a finding of the extreme circumstances necessary to support the sanction of dismissal with prejudice must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal.  <u>Kilgo</u>, 983 F.2d at 192-93.  As to the second prong, we will occasionally infer from the district court's decision that it implicitly found that lesser sanctions would not suffice, but we have "never suggested that the district court need not make the finding."  <u>Id.</u> at 193.  That said,

"dismissal [with prejudice] upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

**B.    Dismissal of Jacob's Complaint**

Jacobs was instructed in the October 7, 2015 order granting her IFP status to keep the district court advised of her address at all times, and it is undisputed that Jacobs failed to do so in a timely manner. Specifically, Jacob admits that she changed her mailing address on March 23, 2016, when she closed her post office box, but she did not file her notice of change of address until 21 days later, on April 13, 2016. Instead, during that time, Jacobs relied on the post office to forward any court mail to her new address. Furthermore, as a result of her failure to promptly advise the district court of her new mailing address (which she admits she knew by March 28, 2016), she did not receive the district court's March 23, 2016 order until April 21, 2016 and did not comply with that order and file an amended complaint on or before April 8, 2016.

The district court found that Jacobs's delay "adversely affected the management" of her case. Notably, Local Rule 41.2B of the Northern District of Georgia states that a party's failure to keep the clerk's office informed of a change of address that "causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without

9

prejudice . . . ." <u>See</u> N.D. Ga. L.R. 41.2B (emphasis added). Under these particular circumstances, the district court was within its discretion to dismiss Jacob's complaint without prejudice.

Here, however, the district court did not specify that the dismissal of Jacob's complaint was without prejudice, and thus the dismissal was with prejudice. <u>See</u> Fed. R. Civ. P. 41(b). The problem here is that the district court did not make the required findings necessary to dismiss with prejudice, which are: (1) willful delay or conduct; and (2) that lesser sanctions will not suffice.

As to the first prong, the district court's April 14 order did not find that Jacobs's failure to comply with the district court's March 23, 2016 order was the result of willful conduct. Further, Jacobs was unaware of that order. On the other hand, Jacobs delayed in advising the district court of her mailing address. Moreover, she was a frequent filer with experience litigating in federal court and had been instructed in this case that she must keep the district court advised of her current address at all times. But, the district court did not make a finding as to whether Jacobs's conduct was negligence or rose to the higher level of willful delay or willful conduct

As to the second prong, the district court also made no explicit or implicit finding that lesser sanctions would be insufficient to address Jacobs's conduct. Instead, the district court merely stated that dismissal was warranted due to Jacob's

10

failure to inform the court of her change of address.  Without further explanation from the district court, we cannot infer a finding that no lesser sanctions would suffice.  And, absent findings on both of the above issues, the district court may not dismiss a complaint with prejudice as a sanction under Rule 41(b).  See Betty K Agencies, 432 F.3d at 1337; Kilgo, 983 F.2d at 192.

Under the circumstances, we vacate the district court's dismissal with prejudice and remand for the district court to consider whether Jacobs's complaint should be dismissed without prejudice or for other proceedings consistent with this opinion.  We limit our opinion solely to the district court's sua sponte dismissal with prejudice.  We express no opinion on the sufficiency of Jacobs's pleadings or whether Jacobs can, or should be permitted to, amend her complaint to cure any pleading deficiencies.[1]

**VACATED AND REMANDED.**

---

[1]Jacobs's request that we assign a different district judge to her case on remand is denied. The actions by the district judge that Jacobs complains of were judicial rulings, routine trial administration efforts, and ordinary admonishments that do not show pervasive bias and do not require his disqualification.  See Liteky v. United States, 510 U.S. 540, 554-56, 114 S. Ct. 1147, 1156-58 (1994); Hamm v. Members of the Bd. of Regents, 708 F.2d 647, 651 (11th Cir. 1983).

11