[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15587
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-24273-CMA

SHAWN MARCOS HENRY,

Plaintiff - Appellant,

versus

STATE OF FLORIDA,
d.b.a. Lisa Kreeger,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 12, 2018)

Before TJOFLAT, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Shawn Henry, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his complaint against the State of Florida.  The district court dismissed Henry's complaint without prejudice because he failed to comply with the rules for pleadings set out in the Federal Rules of Civil Procedure.  After careful review, we affirm.

We review for abuse of discretion a district court's dismissal for failure to comply with the rules of the court.  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).  Even though we construe *pro se* pleadings liberally, *pro se* litigants must nonetheless comply with the court's procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Federal Rule of Civil Procedure ("Rule") 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Although the plain language of Rule 41(b) suggests that a district court may dismiss an action only upon a defendant's motion, we have observed that a district court may *sua sponte* dismiss a case under Rule 41(b).  *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).  In addition to its authority under Rule 41(b), a district court "also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."  *Zocaras*, 465 F.3d at 483.

2

Rule 8 requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Henry's complaint, even when read under the relaxed standard applicable to *pro se* pleadings, fails to state a plausible claim for relief. Henry's allegations consist almost exclusively of statements of law disconnected from any factual context. Despite these statements of law, Henry never articulates a cause of action or identifies the legal basis for his complaint. Even though Henry lists the State of Florida as the defendant on the caption page of his complaint, he fails to provide any facts that would give rise to a claim against the state. The same is true of Henry's vague references to Lisa Kreeger, who is also listed in the caption. He mentions Kreeger a few times throughout his complaint, but fails to identify her or explain what she did that would give rise to a claim. The district court did not abuse its discretion in dismissing Henry's complaint for failure to comply with Rule 8.

**AFFIRMED.**