[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17048
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-23036-FAM


HARRY A. NAIL,

Plaintiff - Appellant,

versus


OFFICER COLLADO, Dade C.I.,
CORRECTIONAL OFFICER LESTER, Dade C.I.,
CORRECTIONAL OFFICER VALINTINE,  Dade C.I.,
SARGEANT PEIERE, Dade C.I.,
NURSE SMYTHE, Dade C.I., et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 14, 2018)

Before JULIE CARNES, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Harry Nail appeals the dismissal of his *pro se* 42 U.S.C. § 1983 complaint for failure to prosecute. After careful consideration, we vacate the district court's order dismissing Nail's case for failure to prosecute and remand to the district court.

I.

In August 2015, Nail filed a complaint against Officer Collado, Officer Lester, Officer Valintine, Sergeant Peiere, Nurse Smythe and Nurse Mathurin. Nail alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

After the defendants filed their answers to the complaint, on March 3, 2016, a pretrial scheduling order was entered. That order required Nail to file a pretrial statement by August 23, 2016. Following the district court's pretrial scheduling order, Nail filed a motion to compel discovery, which the district court granted on August 12, 2016.

On August 22, 2016, the day before Nail's pretrial statement was due, Nail filed a motion to extend the deadline, arguing that he was awaiting information from the defendants that he had sought in his motion to compel discovery. The district court denied the motion, stating that if Nail's discovery requests were

2

unanswered, he should file a motion to compel compliance with his requests. The district court failed to mention Nail's earlier motion to compel or its order granting that motion. In the same order, the district court reminded Nail of his "obligation to actively litigate this action." Doc. 86 at 1.[1] The defendants complied with the court order requiring them to respond to Nail's request for production on September 12, 2016, and Nail filed his pretrial statement on September 27, 2016—after the district court's deadline.

While the parties were filing motions related to discovery, on August 9, 2016, Smythe and Mathurin moved for summary judgment.[2] The following day, the court instructed Nail that he was required to respond to the defendants' summary judgment motion by September 9, 2016. On September 2, 2016, Nail delivered to prison officials his response to the defendants' motion for summary judgment. His response was docketed on September 13, 2016.

On September 22, 2016, the magistrate judge issued a report and recommendation (R&R) recommending that the case be dismissed for failure to prosecute because Nail had failed to respond timely to the defendants' motion for summary judgment and because he had failed to file timely a pretrial statement. The district court construed Nail's pretrial statement, which was filed on

---

[1] Citations to "Doc. #" refer to the numbered entries on the district court's docket.

[2] Nail voluntarily dismissed with prejudice his claims against defendants Collado, Valintine, Peiere, and Lester.

September 27, 2016, as objections to the R&R and reviewed the magistrate judge's decision *de novo*.[3] The district court adopted the R&R over Nail's objections, dismissing Nail's suit without prejudice. This is Nail's appeal.

## II.

We review dismissals for failure to prosecute for an abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).[4] "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (internal quotation marks omitted). We construe *pro se* filings liberally. *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997).

## III.

A district court has the inherent authority to manage its docket and thus may dismiss an action *sua sponte* for failure to prosecute. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). A district court's power to do so stems from the authority "necessarily vested in courts to manage their own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). That being said, such an order

---

[3] Nail attempted to object to the R&R by submitting his objections to prison officials for mailing on October 11, 2016, after the 14-day deadline for objections had expired.

[4] The defendants argue that we should review Nail's arguments for plain error rather than an abuse of discretion because Nail failed to file timely objections to the magistrate judge's recommendation. Because the district court construed Nail's pretrial statement as a timely objection to the magistrate judge's R&R, however, we do the same here.

will "stand on appeal" only if it remains "within the permissible range of the court's discretion." *Id.* at 633.

The district court abused its discretion in dismissing Nail's action without prejudice because its decision was influenced by a mistake of law. In explaining its decision, the district court noted that Nail had failed to file a timely response to the defendants' motion for summary judgment. According to the district court's instruction, however, the response to the motion for summary judgment had to be filed by September 9, 2016. Nail complied with this deadline, submitting his response to prison authorities for mailing on September 2, 2016. *See Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278 (11th Cir. 2016) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." (internal quotation marks omitted)). The district court therefore could not base its dismissal on Nail's untimely response to the defendants' motion for summary judgment. Because the district court was "influenced by [a] mistake of law," it abused its discretion in dismissing Nail's complaint for failure to prosecute. *Zocaras*, 465 F.3d at 483.[5]

---

[5] Although the district court also referenced Nail's failure to file a timely pretrial statement, it did not indicate the weight it assigned to that reason in its decision to dismiss the case for failure to prosecute. We therefore cannot determine whether Nail's failure to file a timely pretrial statement independently supported the district court's decision to dismiss the action, and we cannot affirm on that basis.

IV.

For the foregoing reasons, the district court's order dismissing Nail's complaint is vacated and remanded.

**VACATED AND REMANDED.**