[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11918
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cv-00390-MMH-JRK


GERRARD D. JONES,

Petitioner – Appellant,


versus

SECRETARY FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents – Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 8, 2019)


Before MARCUS, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Gerrard Jones appeals *pro se* the district court's order dismissing his 28 U.S.C. § 2254 petition and later motion to reopen under Federal Rule of Civil Procedure 59(e). Because the district court did not consider whether dismissing Mr. Jones' § 2254 petition without prejudice would in fact preclude his ability to later seek habeas relief, we vacate the court's dismissal order and remand.

## I

In March 2018, Mr. Jones filed a § 2254 petition challenging, among other things, a disciplinary report that was used to justify confining him in close management isolation. He claimed that the Florida Department of Corrections failed to comply with the American with Disabilities Act, and policies of the prison, in violation of his due process rights. In particular, he asserted that the prison requires a mental health staff member to be consulted before any disciplinary action against a mentally impaired inmate can be taken.

The district court *sua sponte* dismissed the petition without prejudice because it found that Mr. Jones had filed a similar habeas petition that was still pending. Because the district court found that the pending petition appeared to challenge the same disciplinary report and his continued close management confinement, the court "dismiss[ed] this case without prejudice to his right to challenge the [discplinary

2

report] and his continued [close management] confinement in [the pending] case."
D.E. 5 at 1–2.

Mr. Jones filed a motion to reinstate his § 2254 petition, asserting that the district court erred in dismissing his claims because the two pending petitions in fact challenged separate disciplinary reports.  The disciplinary report in the pending habeas case was written on August 18, 2015, and charged that Mr. Jones had lied to the prison staff.  But his second petition challenged a disciplinary report authored on July 13, 2015, that charged that Mr. Jones had disobeyed a verbal order.  He supported his motion by attaching two decisions affirming the state court's denials of separate challenges to each disciplinary report.

The district court denied Mr. Jones' motion to reinstate his § 2254 petition, which it construed as a Rule 59(e) motion.  The court noted that "[w]ith [Mr.] Jones's clarification, the Court finds that [Mr.] Jones should have the opportunity to challenge the July 13, 2015 [disciplinary report] in a separate habeas petition in this Court." D.E. 8 at 2.  But some of Mr. Jones' claims were asserted on behalf of "other mentally impaired inmates."  *Id.*  Thus, the court "den[ied] his Motion without prejudice to his right to refile a habeas corpus petition form in this Court to challenge the July 13, 2015" disciplinary report. *Id.* at 2–3.

Mr. Jones filed for a certificate of appealability on the denial of his motion to reinstate, which the district court denied.  He then sought a certificate before this

3

court, which we granted on the following issue: "Whether the District Court erred by dismissing Mr. Jones's § 2254 petition and denying his subsequent motion to reopen, without prejudice, after acknowledging that it made a mistake of fact in determining that his claim was duplicative of claims raised in a separate proceeding?"

## II

We review *de novo* a district court's dismissal of a § 2254 petition. *See Clark v. Crosby*, 335 F.3d 1303, 1307 (11th Cir. 2003).  And we review for abuse of discretion the district court's denial of a Rule 59(e) motion to alter or amend the judgment.  *See Lambert v. Fulton Cty., Ga.*, 253 F.3d 588, 598 (11th Cir. 2001).

We agree with Mr. Jones that the district court erred by dismissing his § 2254 petition.  A district court may *sua sponte* dismiss a case without prejudice.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  But even when the dismissal order expressly states that the dismissal is without prejudice, if "such an order has the effect of precluding [the] plaintiff from refiling his claim due to the running of the statute of limitations[, then] the dismissal is tantamount to a dismissal with prejudice."  *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (cleaned up).  Dismissals with prejudice are "drastic remedies that are to be used only where a lesser sanction would not better serve the interests of justice."  *Id.* Thus, such dismissals are "not proper unless the district court finds a clear record of

4

delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

Mr. Jones' § 2254 petition was dismissed without prejudice. But any subsequent petition challenging the July 13 disciplinary report may be time-barred. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (holding that the filing of a § 2254 petition does not toll § 2254(d)'s one-year statute of limitations). The mandate for Mr. Jones's state judgment was entered on January 2, 2018, so unless he is entitled to equitable tolling of the statute of limitations, any dismissal is now tantamount to a dismissal with prejudice. Absent an opportunity for him to amend his petition—which Federal Rule of Civil Procedure 15(a)(2) suggests courts "should freely give"—the district court's decision to dismiss his petition was an abuse of discretion. *See Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) ("Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial.") To the extent that Mr. Jones' § 2254 petition improperly contained claims on behalf of other inmates, the district court can dismiss those claims and let Mr. Jones litigate the claim concerning the July 13 report.

### III

For the foregoing reasons, we reverse the district court's order dismissing Mr. Jones's § 2254 petition and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**