[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17580
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-23973-MGC

JOHNSON CHRISTOPHER JAMERSON,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 7, 2019)

Before WILLIAM PRYOR, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Johnson Jamerson, proceeding *pro se*, appeals the district court's dismissal of his civil complaint for frivolity and failure to state a viable claim under 28 U.S.C. § 1915(e)(2) and for failing to comply with the court's orders under Fed. R. Civ. P. 41(b).  On appeal, he argues that the district court denied him due process by failing to address an alleged issue with the jurisdiction of the state trial court over his criminal proceedings.  He contends that his claims are not barred by *Heck*[1] because *Heck* did not involve a criminal conviction with an underlying jurisdiction issue.

We have held that a district court can dismiss a case *sua sponte* under Fed. R. Civ. P. 41(b) if the plaintiff fails to comply with a court order.  *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).  We review a district court's dismissal under Rule 41(b) for abuse of discretion.  *Id.*

In general, a dismissal without prejudice is not an abuse of discretion.  *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983). Dismissal with prejudice is reviewed more strictly than dismissal without prejudice because dismissal with prejudice is "a sanction of last resort, applicable only in extreme circumstances." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quotation marks omitted).  Even so, a dismissal with prejudice under Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned,

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

2

generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Additionally, a court "shall dismiss" a case filed IFP if the court determines that the complaint "is frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A district court's dismissal of a complaint for failure to state a claim is reviewed *de novo*, "viewing the allegations in the complaint as true." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). An action is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quotation marks omitted). Moreover, while *pro se* pleadings must be liberally construed, issues not briefed on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Section 1983 of Title 42 of the U.S. Code creates no substantive rights, but merely provides a remedy for deprivations of federal and constitutional rights. *Almand v. DeKalb Cty., Ga.,* 103 F.3d 1510, 1512 (11th Cir. 1997). To prevail on a civil rights action under § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). A private individual also may be held liable under § 1983 when he conspires with state actors to violate the plaintiff's constitutional rights. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). To establish a

3

§ 1983 conspiracy, the plaintiff must provide some evidence of an agreement between the defendants.  *Id.* at 1283-84.

However, a § 1983 action cannot be used to collaterally attack a conviction or sentence unless the underlying conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 486-87.  Although *Heck* involved a prisoner seeking money damages, the Supreme Court later clarified that prisoners "cannot use § 1983 to obtain relief where success would necessarily demonstrate the invalidity of confinement or its duration," even if the prisoner is seeking injunctive relief.  *Wilkinson v. Dotson*, 544 U.S. 74, 74-75, 81 (2005).

Additionally, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Conversely, "a [§] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  *Id*. at 499.

The district court did not abuse its discretion by dismissing Jamerson's complaint for failure to comply because none of its orders was returned

4

undelivered, one of the orders warned him of the dangers of failing to comply, and Jamerson continued to prosecute his case.  *See Betty K. Agencies, Ltd.*, 432 F.3d at 1337; *Moon*, 863 F.2d at 837.  Additionally, the district court properly concluded that Jamerson's claims were barred under *Heck* because Jamerson was attempting to challenge the fact of his conviction and has not demonstrated that his conviction has been overturned.   *See Heck*, 512 U.S. at 486-87; *Wilkinson*, 544 U.S. at 74-75, 81.  Accordingly, we affirm.

**AFFIRMED.**