[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14304
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-00108-JB-N

REGINALD BURRELL,

Plaintiff-Appellant,

versus

WARDEN I,
GERALD MOORE,
Job Placement Officer,
KENNETH TYUS,
Job Placement Assistant,
WILLIE WRIGHT,
JAMES TRAVIS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 25, 2021)

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Reginald Burrell a prisoner proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 action. The district court dismissed Burrell's complaint without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of the judicial process because he omitted at least two prior civil cases from his complaint form. Burrell failed to sufficiently argue a basis for reversal by this Court and thus has abandoned such argument. Even if Burrell had not abandoned the issue, the district court did not abuse its discretion.

I.

Burrell, proceeding pro se, filed his § 1983 complaint alleging numerous causes of action relating to an alleged misclassification as a risk under the Prison Rape Elimination Act. When asked on the initial forms whether he had filed previous lawsuits dealing with the same or similar facts, Burrell responded "no." When asked whether he had filed previous lawsuits relating to his imprisonment, Burrell responded "yes." When asked to describe each lawsuit, Burrell identified one federal lawsuit.

Burrell's complaint was referred to a magistrate judge. The magistrate recommended the case be dismissed without prejudice as malicious for abuse of the judicial process because Burrell failed to identify two non-habeas federal actions he

2

had filed related to his imprisonment. The two cases are *Burrell v. Hale*, No. 2:11-cv-02726 (N.D. Ala. Jan. 20, 2012), filed in July 2011 and *Burrell v. Hale*, No. 2:13-00589 (N.D. Ala. June 25, 2014), filed in March 2013. Burrell filed objections to the magistrate's report and recommendation, suggesting that he failed to attach a page to his complaint describing the previous lawsuits, and that he lacked full memory about the omitted lawsuit. He described the two cases and argued that his failure to include the information was not malicious. The district court adopted the report and recommendation and dismissed Burrell's complaint as malicious, without prejudice.

II.

An appellant seeking review of a district court's order in this Court is required, among other things, to include in their brief "a statement of the issues presented for review" and legal arguments as to their position on those issues "with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(5), (a)(8)(A). Where an appellant fails to comply with these requirements by failing to identify a particular issue or, where they identify an issue, by failing sufficiently to argue the merits of their position on that issue, they are deemed to have abandoned the issue. *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318–19 (11th Cir. 2012). Pro se pleadings will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

3

But issues not briefed on appeal, even by a pro se litigant, "are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

As to the merits, pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an in forma pauperis action if the court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). We review the district court's dismissal under § 1915(e)(2)(B)(i) for abuse of discretion. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). The district court has "a range of choice[s]," and we will affirm if the district court's decision is in that range and not influenced by a mistake of law. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Moreover, a dismissal without prejudice generally does not constitute an abuse of discretion because the plaintiff may simply refile the action. *See, e.g.*, *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (per curiam). Alabama has a two-year statute of limitations for a § 1983 action. *See* Ala. Code § 6-2-38(*l*).

4

Here, Burrell abandoned any argument that the district court abused its discretion by failing to argue that error on appeal. His brief reiterates the facts of his complaint and does not address the dismissal or argue that the district court abused its discretion. Even if Burrell had not abandoned the issue, the district court did not abuse its discretion by dismissing Burrell's complaint without prejudice. Further, Burrell is not barred from refiling his case, as the two-year statute of limitations for a § 1983 action in Alabama has not yet run. *See id.* Accordingly, we affirm.

**AFFIRMED.**