[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12449

Non-Argument Calendar

_____

LUIS HERNANDEZ,

Petitioner-Appellant,

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS,
Secretary, Florida Department of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-60768-MGC

_____

Before WILSON, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Luis Hernandez, a Florida prisoner proceeding pro se, appeals the district court's order dismissing his 28 U.S.C. § 2254 petition for failure to pay the filing fee, and its order denying reconsideration. On appeal, Hernandez argues that the district court abused its discretion when it dismissed his § 2254 petition because he paid the filing fee two weeks before it was due. The Secretary of the Florida Department of Corrections (Florida) argues that we lack jurisdiction over this appeal because the notice of appeal was untimely filed, and the district court did not enter a final appealable order. Florida also argues that the district court did not abuse its discretion because Hernandez's failure to comply with the court's order justified the dismissal of his petition. After careful review, we affirm.

First, we have jurisdiction over this appeal. Under federal law, a pro se prisoner's court filing is deemed filed on the date when it is delivered to prison authorities for mailing. Fed. R. App. P. 4(c); *see Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Hernandez delivered his notice of appeal to the corrections officer on July 12, 2021, as the stamped envelope indicates. Because Hernandez filed a motion for reconsideration of the district court's dismissal order, his time to appeal was tolled until the district court resolved Hernandez's motion for reconsideration. Fed. R. App. P.

21-12449                Opinion of the Court                3

4(a)(4)(A).  Florida's argument that this court lacks jurisdiction to hear Hernandez case because it was a dismissal without prejudice is incorrect.  *See Maharaj v. Sec'y for Dep't of Corr.*, 304 F.3d 1345, 1349 (11th Cir. 2002) (per curiam) (affirming a district court's dismissal without prejudice of a § 2254 petition).

Next, the district court did not abuse its discretion in dismissing Hernandez's petition without prejudice for failure to comply with court orders.[1]  Although we hold pro se pleadings to a less stringent standard, *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014), pro se litigants are required to comply with applicable procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss a claim if the plaintiff fails to comply with a court order.  But the discretion afforded under Rule 41(b) is not unlimited, and a district court may only dismiss a case with prejudice as a last resort in exceptional circumstances.  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).  When moving for reconsideration following a dismissal, "[t]he only grounds for granting [a motion for reconsideration] are newly-discovered evidence or manifest errors

---

[1] We review for an abuse of discretion a district court's dismissal for failure to comply with rules of court.  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

or law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (quotation marks omitted).

Shortly after Hernandez filed his § 2254 petition, the district court entered an order directing Hernandez to pay the $5.00 filing fee or move for leave to proceed *in forma pauperis* by May 13, 2021. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties" filing a writ of habeas corpus pay $5.); *see also* Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Within the order, the district court explained that if he failed to do either of those by that date, it would dismiss the case. On May 18, 2021, the district court dismissed Hernandez's § 2254 petition for failure to comply with court orders. The district court had not received the filing fee or a motion to proceed *in forma pauperis*. On June 14, 2021, Hernandez moved for reconsideration of the dismissal order, providing evidence that his family bought a $5.00 money order made out to the district court clerk of court and a stamped envelope. The district court denied his motion for reconsideration.

We cannot say that the district court abused its discretion when it clearly explained to Hernandez what was required of him, and he failed to follow those orders. Although Hernandez showed that a money order was bought to pay his filing fee, the evidence does not show that it was sent to or received by the court. Specifically, the district court noted that Hernandez provided no affidavit from a family member saying it was sent and there was no record that the court had received the money order. Thus, the evidence

21-12449                Opinion of the Court                5

that he submitted with his motion for reconsideration was insuffi-
cient to establish that his family had actually paid the filing fee. Ac-
cordingly, we affirm.

**AFFIRMED.**